UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 11119 PBS

**CHARLES FRANKSTON
AND MICHAEL J. FRANKSTON,**

      **Plaintiffs**

vs.

**MICHAEL J. SPECTOR,**

      **Defendant**

**DEFENDANT'S ANSWER, COUNTERCLAIM AND JURY DEMAND**

1. The defendant admits the allegations set forth in paragraph 1 of the plaintiffs' complaint.

2. The defendant admits the allegations set forth in paragraph 2 of the plaintiffs' complaint.

3. The defendant admits the allegations contained in paragraph 3 of the plaintiffs' complaint.

4. The defendant admits the allegations contained in paragraph 4 of the plaintiffs' complaint.

5. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

6. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

7. The defendant admits the first sentence of paragraph 7 of the plaintiff's complaint. The defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 7 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

8. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

9. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

10. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same with the exception of the assertion there was a foreclosure sale which the defendant denies.

11. The defendant denies the allegations contained in paragraph 11 of the plaintiffs' complaint.

12. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

13. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 13 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

14. The defendant denies the allegations set forth in paragraph 14 of the plaintiffs' complaint.

15. The defendant denies the allegations set forth in paragraph 15 of the plaintiffs' complaint.

16. The defendant denies the allegations set forth in paragraph 16 of the plaintiffs' complaint.

17. The defendant denies deny the allegations set forth in paragraph 17 of the plaintiff's complaint.

18. The defendant denies the allegations set forth in paragraph 18 of the plaintiffs' complaint.

19. The defendant admits the allegations set forth in paragraph 19 of the plaintiff's complaint.

20. The defendant denies the allegations set forth in paragraph 20 of the plaintiffs' complaint.

21. The defendant denies the allegations set forth in paragraph 21 of the plaintiffs' complaint.

22. The defendant denies the allegations set forth in paragraph 22 of the plaintiffs' complaint.

23. The defendant denies the allegations set forth in paragraph 23 of the plaintiffs' complaint.

24. The defendant denies the allegations set forth in paragraph 24 of the plaintiffs' complaint.

25. The defendant denies the allegations set forth in paragraph 25 of the plaintiffs' complaint.

26. The defendant denies the allegations set forth in paragraph 26 of the plaintiffs' complaint.

27. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 27 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

28. The defendant denies the allegations set forth in paragraph 28 of the plaintiffs' complaint.

29. The defendant admits the allegations set forth in paragraph 29 of the plaintiffs' complaint.

30. The defendant denies the allegations set forth in paragraph 30 of the plaintiffs' complaint.

31. The defendant denies the allegations set forth in paragraph 31 of the plaintiffs' complaint.

32. The defendant denies the allegations set forth in paragraph 32 of the plaintiffs' complaint.

33. The defendant denies the allegations set forth in paragraph 33 of the plaintiffs' complaint.

34. The defendant denies the allegations set forth in paragraph 34 of the plaintiffs' complaint.

35. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 35 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

36. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 36 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

37. The defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 37 of the plaintiffs' complaint and calls upon the plaintiffs to prove the same.

38. The defendant admits the allegations set forth in paragraph 38 of the plaintiffs' complaint.

39. The defendant admits the allegations set forth in paragraph 39 of the plaintiffs' complaint.

40. The defendant realleges and reavers his answers to paragraphs 1 through 39 of plaintiffs' complaint as if expressly rewritten herein.

41. The defendant denies the allegations set forth in paragraph 41 of the plaintiffs' complaint.

42. The defendant denies the allegations set forth in paragraph 42 of the plaintiffs' complaint.

43. The defendant denies the allegations set forth in paragraph 43 of the plaintiffs' complaint.

44. The defendant realleges and reavers his answers to paragraphs 1 through 43 of plaintiffs' complaint as if expressly rewritten herein.

45. The defendant denies the allegations set forth in paragraph 45 of the plaintiffs' complaint.

46. The defendant denies the allegations set forth in paragraph 46 of the plaintiffs' complaint.

47. The defendant denies the allegations set forth in paragraph 47 of the plaintiffs' complaint.

48. The defendant denies the allegations set forth in paragraph 48 of the plaintiffs' complaint.

49. The defendant denies the allegations set forth in paragraph 49 of the plaintiffs' complaint.

50. The defendant denies the allegations set forth in paragraph 50 of the plaintiffs' complaint.

51. The defendant denies the allegations set forth in paragraph 51 of the plaintiffs' complaint.

52. The defendant denies the allegations set forth in paragraph 52 of the plaintiffs' complaint.

53. The defendant realleges and reavers his answers to paragraphs 1 through 52 of plaintiffs' complaint as if expressly rewritten herein.

54. The defendant denies the allegations set forth in paragraph 54 of the plaintiffs' complaint.

55. The defendant denies the allegations set forth in paragraph 55 of the plaintiffs' complaint.

56. The defendant denies the allegations set forth in paragraph 56 of the plaintiffs' complaint.

57. The defendant denies the allegations set forth in paragraph 57 of the plaintiffs' complaint.

### FIRST AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over the defendant.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs suffered no damages and the sum the plaintiffs now seek to recover is a penalty, wherefore the defendant owes the plaintiffs nothing.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery because this action has not been brought within the time specified by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiffs, by their acts and conduct, are estopped to assert that the defendant is now liable to the plaintiffs for anything.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to name a necessary party to this matter.

## SEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs sustained damages as alleged in the complaint, they were caused by acts of a third person over whom the defendant had no control.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to maintain this action because of their laches.

## NINTH AFFIRMATIVE DEFENSE

The alleged agreement upon which the plaintiffs' action is based is not in writing and signed by the defendant or some other person lawfully authorized by the defendant.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to equitable relief inasmuch as they have been guilty of inequitable conduct and have failed to come into equity with clean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

If the defendant ever owed the plaintiffs anything, which the defendant denies, the plaintiffs have waived payment.

## TWELFTH AFFIRMATIVE DEFENSE

This Court is not the proper venue for the issues raised in the litigation of this matter.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Court is not a convenient forum for the litigation of the issues raised in the plaintiffs' complaint.

## COUNTERCLAIM

1. The plaintiff-in-counterclaim, Michael J. Spector ("Spector"), is an individual and resident of Kew Gardens, New York.

2. The defendant-in-counterclaim, Charles Frankston ("Charles") is an individual and resident of Newton, Massachusetts.

3. The defendant-in-counterclaim, Michael J. Frankston ("Michael") is an individual and resident of Lexington, Massachusetts.

4. Charles and Michael are the brother of Robert M. Frankston ("Robert").

5. Charles and Michael are engaged in a dispute with Robert with respect to the disposition of certain assets of their parents, Benjamin Frankenstein and Dorothy Shupack.

6. At the time the defendants-in-counterclaim filed their action, they knew that the plaintiff-in-counterclaim owed them nothing.

7. The defendants-in-counterclaim brought this action falsely and maliciously, for the intent of obtaining an advantage in their negotiations with Robert, and to accomplish an ulterior purpose.

8. The actions of the defendants-in-counterclaim as set forth above and in filing their complaint constitute an abuse of process.

9. As a result of the defendants-in-counterclaim's abuse of process, the plaintiff-in-counterclaim has suffered damages.

WHEREFORE, the plaintiff-in-counterclaim, Michael J. Spector, demands judgment against the defendants-in-counterclaim, jointly and severally, Charles Frankston and Michael J. Frankston in the amount of his damages plus interest, attorney's fees and costs and such other relief the Court may order.

**THE DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS.**

Defendant,
By his attorney

Joanne E. Romanow, Esquire
Schlesinger and Buchbinder, LLP
1200 Walnut Street
Newton, MA 02461-1267
(617) 965-3500
BBO# 426260

Dated: 7/20/04

7

## CERTIFICATE OF SERVICE

I, JOANNE E. ROMANOW, hereby certify that on July 20, 2004 I served a copy of the foregoing Answer and Counterclaim on the plaintiffs, by mailing a copy of said document, postage prepaid, to John Miller, Esquire, Sally & Fitch, 225 Franklin Street, 30th Floor, Boston, MA 02110-2804.

Joanne E. Romanow, Esquire
Schlesinger and Buchbinder, LLP
1200 Walnut Street
Newton, MA 02461-1267
(617) 965-3500
BBO# 426260