UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-11119 PBS

CHARLES FRANKSTON
AND MICHAEL J. FRANKSTON,

          Plaintiffs

vs.

MICHAEL J. SPECTOR,

          Defendant

DEFENDANT MICHAEL J. SPECTOR'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION
OR, ALTERNATIVELY, TO TRANSFER THIS ACTION PURSUANT TO
28 U.S.C. § 1404(A).

Defendant Michael J. Spector ("Spector") respectfully submits this memorandum

of law in support of his motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(2) for lack of personal jurisdiction or, alternatively, to transfer this action pursuant

to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This Court does not have personal jurisdiction over Spector as a matter of law.

Spector is an individual with a principal place of residence in Queens, New York.  He

does not provide any services to, or conduct any business in, the Commonwealth of

Massachusetts. Spector is not registered to do business in Massachusetts, does not engage

in any business in Massachusetts, does not maintain offices in Massachusetts, and does

not own any real or personal property located in Massachusetts.  Furthermore, Spector

did not engage in any conduct in the Commonwealth of Massachusetts that relates to this action. Spector's actions and contacts with Massachusetts do not meet the legal standards to establish personal jurisdiction. Accordingly, this case should be dismissed for lack of personal jurisdiction.

Even if this Court could exercise personal jurisdiction over Spector, this case should be transferred to a more appropriate and convenient forum pursuant to 28 U.S.C. § 1404(a). This case has no nexus to Massachusetts. None of the operative facts relating to this case occurred in Massachusetts. The matters at issue in this action are not governed by Massachusetts law. None of the relevant witnesses or documents are located in Massachusetts. Therefore, at a minimum, this action should be transferred to a forum, such as the Eastern District of New York, that has at least some connection to the case.

## BACKGROUND FACTS

Defendant Spector is an individual residing in Queens, New York City, New York. (See, Paragraph 2 of Declaration of Michael Spector ("Spector Declaration") and Paragraph 4 of Plaintiffs' Complaint.) Spector does not have any direct contacts with Massachusetts. Spector is neither registered to do business in Massachusetts nor does he engage in any business in Massachusetts. (See, Paragraphs 6 and 7 of Spector Declaration.) Spector does not have any indirect contacts with Massachusetts either. Spector does not maintain offices in Massachusetts and he does not have any employees, agents, telephone listings or mailing addresses in Massachusetts. (See, Paragraphs 6 and 7 of Spector Declaration.) Spector does not own any real or personal property in Massachusetts. (See, Paragraph 10 of Spector Declaration.) Plaintiffs have alleged that Spector became involved in various business matters and real estate holdings related to

2

the plaintiffs' father, Benjamin Frankenstein.  (See, Paragraph 9 of the Plaintiffs'
Complaint.)    These  businesses  included  a  manufacturing  company  ("U.X.L.
Corporation") located at 108-02 Otis Avenue in Queens, New York ("the Factory
Building") as well as the Factory Building.  (See, Paragraph 6 of the Plaintiffs'
Complaint.)  U.X.L. Corporation and the Factory Building are located in Queens, New
York. (See, Paragraph 6 of the Plaintiffs' Complaint.)

The Plaintiffs have further alleged that Spector retained an attorney from
Syracuse, New York to form a New York corporation by the name of ECT Holdings, Inc.
("ECT").  (See, Paragraph 12 of the Plaintiffs' Complaint.)  The Plaintiffs have alleged
that Spector acted as the Plaintiffs' agent with regard to their dealings with ECT, the
Factory Building, and otherwise, with respect to their efforts to deal with their father's
business affairs.  (See, Paragraph 15 of the Plaintiffs' Complaint.)  The Plaintiffs have
complained of the actions of Spector with respect to ECT and the sale of the Factory
Building, all of which took place in New York.  (See, Paragraphs 13 through 18 and 21
through 38 of the Plaintiffs' Complaint.)

## ARGUMENT

## I.    THIS CASE SHOULD BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT.

It is well-established that, "[i]n a diversity case, personal jurisdiction over a
nonresident defendant is constrained both by the long-arm statute of the forum state and
the Due Process Clause of the Fourteenth Amendment." *Lyle Richards Int'l, Ltd.* v.
*Ashworth, Inc.*, 132 F.3d 111, 112 (1st Cir. 1997) (citing *Ticketmaster-New York, Inc. v.
Alioto*, 26 F.3d 201, 204 (1st Cir. 1994)).  Thus, a plaintiff bears the burden of proving

3

that: (1) the applicable long-arm statute confers personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with the Due Process Clause of the Fourteenth Amendment. *See, e.g., Cognex Corp.* v. *Lemelson Med., Educ. & Research Found.,* 67 F. Supp. 2d 5,7 (D. Mass. 1999); *American Int'l Rent-a-Car Corp. v. Cross,* 709 F. Supp. 272 (1989) (Young, J.); *LTX Corp. v. Daewoo Corp.,* 979 F. Supp. 51, 54 (D. Mass. 1997). In this case, the plaintiffs cannot satisfy either part of this test.

### A.    The Massachusetts Long-Arm Statute Does Not Confer Personal Jurisdiction Over Michael J. Spector

In relevant part, the Massachusetts long-arm statute provides that, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity *arising from"* the following activities:

(a)    transacting any business in this commonwealth;

(b)    contracting to supply services or things in this commonwealth;

(c)    causing tortious injury by an act or omission in this commonwealth;

(d)    causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e)    having an interest in, using or possessing real property in this commonwealth. . . .

Mass. Gen. Laws ch. 223A, § 3 (emphasis added).

4

Under this statute, "[p]ersonal jurisdiction is limited to causes of action *arising out* of the business the person sought to be reached transacts in the State and does not extend to all persons transacting any business at all in the State." *New Hampshire Ins. Guar. Assoc.* v. *Markem Corp.,* 424 Mass. 344, 346, 676 N.E.2d 809, 810 (Mass. 1997) (emphasis added) (affirming dismissal for lack of personal jurisdiction over insured where insurance company failed to show that the insured contracted for the policy in Massachusetts or plaintiff would not have been injured. *See, e.g., Bennett* v. *Jack Dennis Whitewater Trips,* 925 F. Supp. 889,894 (D. Mass. 1996); *Sheridan* v. *Ascutney Mountain Resort Servs.,* 925 F. Supp. 872, 877-78 (D. Mass. 1996).

In this case, plaintiffs cannot establish a sufficient nexus between any actions that Spector allegedly took in Massachusetts and the alleged injuries of the plaintiffs. Plaintiffs do not allege that they were injured in Massachusetts. They do not contend that any of the negotiations or transactions occurred in Massachusetts. They do not aver that Spector made any false statements to them while they were in Massachusetts.    Indeed, plaintiffs do not allege that Spector took *any* actions in Massachusetts - - much less actions that were a "but for" cause of plaintiffs' purported injuries. *See, e.g., Stanton* v. *AM Gen. Corp.,* 50 Mass. App. Ct. 116, 118-19, 735 N.E.2d 407, 409-10 (Mass. App. Ct. 2000) (affirming dismissal for lack of personal jurisdiction where plaintiff could not establish that company's transaction of business in Massachusetts was linked to plaintiff's injury); *Bennett,* (supra, 925 F. Supp. at 894 (dismissing case for lack of personal jurisdiction where plaintiffs could not establish that "'but for' some in-forum action(s)" by the defendant, they "would not have been injured").

The only allegations that the plaintiffs have made with respect to the

5

defendant's contact with Massachusetts is contained in Paragraph 20 of their Complaint: "[h]e reported to them, for the most part, in Massachusetts by United States Mail, Express Delivery, facsimile transmission, telephone and e-mail, and met with them both in New York and Massachusetts from time to time". Spector denies meeting with either plaintiff in Massachusetts for more than one social visit. (See, Paragraphs 14 and 15 of Spector Declaration.) Moreover, even if there were social contacts, these "contacts" do not meet any of the standards to establish jurisdiction.

The plaintiffs have not met, and cannot meet, their burden of proving that this Court may properly exercise jurisdiction over Spector under the Massachusetts long-arm statute. *See, e.g., Telco Comm.* v. *New Jersey Fireman's Mut. Benevolent Assoc.,* 41 Mass. App. Ct. 225, 231, 669 N.E. 2d 781, 785 (Mass. App. Ct. 1996) (affirming dismissal for lack of jurisdiction even though defendant entered into contract with Massachusetts business, participated in telephone calls to Massachusetts, sent materials to Massachusetts, and reserved right to approve publication prepared in Massachusetts). This Court, accordingly, should dismiss this action for lack of personal jurisdiction.

B.    **Even If The Massachusetts Long-Arm Statute Conferred Jurisdiction Over Michael J. Spector, The Exercise Of Jurisdiction In This Case Would Not Comport With Due Process**

"The Due Process Clause prohibits a court from imposing its will on persons whose actions do not place them in a position where they reasonably can foresee they might be called to account in that jurisdiction." *Phillips Exeter Acad.* v. *Howard Phillips Fund, Inc.,* 196 F.3d 284,287 (1st Cir. 1999) (citing *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 297 (1980). "The accepted mode of analysis for questions involving personal jurisdiction concentrates on the quality and quantity of the

6

potential defendant's contacts with the forum." *Id.* "[T]he 'constitutional touchstone' of personal jurisdiction, after all, is whether the defendant purposefully established minimum contacts in the forum state. ", *Donatelli* v. *NHL,* 893 F.2d 459,469 (1st Cir. 1990) (quoting *Burger King Corp.* v. *Rudzewicz,* 471 U.S. 462, 474 (1985)).

Under a constitutional analysis, there are two forms of jurisdiction: general and specific. *See, e.g., Massachusetts School of Law v. American Bar Assoc.,* 142 F.3d 26 (1st Cir. 1998). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *Id.* at 34 (internal citation omitted). "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiffs claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." *Id.* at 34.

## 1.    Defendant Is Not Subject To General Jurisdiction Because He Does Not Engage In Systematic And Continuous Business In Massachusetts

In this case, general jurisdiction does not exist. "[T]he standard for general jurisdiction is considerably more stringent" than the standard for specific jurisdiction. *Donatelli v. NHL,* 893 F .2d 459at 463 (1st Cir. 1990). For the principles of general jurisdiction to apply, the plaintiff must demonstrate that the defendant engaged in systematic and continuous activity in the forum state; it is not enough to show that the defendant repeatedly conducted business in the forum state. *See, e.g., Noonan* v. *Winston Co.,* 135 F.3d 85, 92-93 (1st Cir. 1998) (holding that company was not subject to general jurisdiction, even though it "regularly solicited business" in Massachusetts; telephoned, faxed, and wrote to people located in Massachusetts; and sent employees to

7

Massachusetts for business on at least two occasions); *Donatelli* v. *NHL,* 708 F. Supp. 31,

35 (D.R.I. 1989) (reciting facts), *rev 'd by* 893 F.2d 459 (1st Cir. 1990) (holding that

NHL was not subject to general jurisdiction, even though for ten years, the NHL provided

officials at hockey games, conducted scouting, provided television broadcasts, and sold

products bearing the NHL' s logo in the forum state); *Glater* v. *Eli Lilly* & *Co.,* 744 F.2d

213, 217 (1 st Cir. 1984) (holding that manufacturer who advertised, employed sales

representatives to disseminate information, and sold products to distributors in forum

state was not subject to general jurisdiction). Given the prior decisions of the First

Circuit, the plaintiffs cannot seriously contend that there is general jurisdiction over

Michael J. Spector in Massachusetts; Michael J. Spector does not conduct *any* regular

business in Massachusetts.

### 2.    Defendant Is Not Subject To Specific Jurisdiction

It is equally clear that specific jurisdiction does not exist. To establish

specific jurisdiction, a plaintiff must prove that: "(1) the claim underlying the litigation. .

. directly arise[s] out of, or relate[s] to the defendant's forum-state activities, (2) the

defendant's in-state contacts. . . represent a purposeful availment of the privilege of

conducting activities in the forum state, thereby invoking the benefits and protections of

that state's laws and making the defendant's involuntary presence before the state's courts

foreseeable, and (3) exercising jurisdiction is fair under the gestalt factors." *Noonan,* 135

F.3d at 90 (internal citations omitted). The plaintiffs cannot establish these facts.

First of all, the plaintiffs' claims do not directly arise out of or relate to

Spector's forum-state activities. As noted above, Spector did not take any actions in

Massachusetts that are related to the plaintiffs' claims. Rather, these actions took place in

8

New York. Thus, the plaintiffs cannot establish that there is an adequate nexus between Michael J. Spector's forum-state activities and this lawsuit. *See, e.g., Phillips Exeter Acad. v. Howard Phillips Fund, Inc.,* 196 F.3d 284, 289-91 (1st Cir. 1999) (holding that relatedness was not established in a lawsuit regarding a will, even though the defendant repeatedly sent checks to the forum state pursuant to the will, and the defendant's officer sent a letter to the forum state and traveled to the forum state for a meeting regarding the defendant's obligations under the will).

Second, there is nothing that suggests that Spector purposefully availed himself of the privilege of conducting activities in Massachusetts. To satisfy this prong of the specific jurisdiction test, the plaintiffs must establish that Spector, "acted toward the forum state with sufficient intent to make [him] 'reasonably anticipate being hauled into court there.'" *Noonan,* 135 F.3d at 90 (quoting *World-Wide Volkswagen Corp.,* 444 U.S. at 297). Spector did not anticipate, nor could he, that his actions in dealing with the plaintiffs would subject him to suit in Massachusetts. Because none of the alleged activities described in the Complaint (such as Spector allegedly managing New York real estate, transferring the shares in a New York corporation or being involved in the sale of New York real estate) took place in Massachusetts, Spector could not have foreseen that a lawsuit relating to his activity in New York would proceed in Massachusetts. *See, e.g., Massachusetts School of Law,* 142 F.3d at 36-37 (holding that it was not reasonably foreseeable that a defendant would be amenable to suit in Massachusetts to address an accreditation decision, even though the defendant engaged in a telephone conversation to the forum state regarding accreditation, mailed a memorandum regarding accreditation to the forum state, and attended a meeting in the forum state that tangentially dealt with the

accreditation issue).

Finally, none of the "gestalt" factors underlying the reasonableness of jurisdiction support an exercise of specific jurisdiction over Spector. The gestalt factors are: "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiffs interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interest of all sovereigns in promoting substantive social policies." *Noonan,* 135 F.3d at 89 n.2 (internal citation omitted).

Here, Spector, an individual with his principal place of residence in New York City, New York, will be burdened by proceeding in a Massachusetts court. Massachusetts is a substantial distance from Michael J. Spector's "center of gravity." *See, Ticketmaster,* supra, 26 F.3d at 210. It will be less expensive and more convenient for Spector to proceed in New York because he resides there and all the individuals that were involved in the transactions that are subject to the complaint are located there. Also, Massachusetts has no interest in adjudicating this dispute. This case has absolutely no connection to the State. Plaintiffs have not alleged that Spector engaged in any wrongful conduct in Massachusetts relating to this lawsuit or that any plaintiff was injured in Massachusetts as a result of Spector's alleged actions. *See, e.g., Ticketmaster,* 26 F.3d at 211. Furthermore, plaintiffs have little or no interest in having this case adjudicated in Massachusetts. None of the witnesses or documents that are relevant to this case are located in Massachusetts (with the exception of the plaintiffs and the plaintiffs' brother). Finally, there is no reason why this case cannot be adjudicated effectively in another forum that has proper jurisdiction over Spector. There is no special reason why

Massachusetts has an interest in, or would be a more effective forum for adjudicating, the dispute between the parties.

In sum, even if the plaintiffs could successfully establish that the Massachusetts long-arm statute confers jurisdiction over Spector under the facts alleged in this case, the exercise of personal jurisdiction over Spector would not comport with the dictates of the Fourteenth Amendment's Due Process Clause. As a result, this case should be dismissed.

## II.    EVEN IF THIS COURT COULD EXERCISE PERSONAL JURISDICTION OVER THE DEFENDANT, THIS CASE SHOULD BE TRANSFERRED TO A MORE CONVENIENT FORUM

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer a case to a more convenient forum pursuant to § 1404(a) is a matter within the discretion of the district court." *Princess House, Inc.* v. *Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991). The burden is on the moving party to show that a transfer is warranted. The factors that are relevant to the decision of whether to transfer a case include: (1) the plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the relative ease of access to the sources of proof; (4) where the relevant events took place; (5) the availability of process to compel the presence of witnesses; (6) the cost of obtaining the presence of witnesses; (7) whether the administration of justice will be advanced by a transfer; and (8) docket congestion. *See, e.g., Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 508-09 (1947).

### A.    The Plaintiffs' Choice Of Forum Is Not Entitled To Deference

While ordinarily a presumption exists in favor of a plaintiff's choice of

11

forum, it is "well-settled that this deference is of minimal value where the plaintiff has no connections to the forum and where none of the conduct complained of occurred in the forum." *F & G Scrolling Mouse, LLC* v. *Microsoft, Inc.*, 56 F. Supp. 2d 1005, 1007 (N.D. Ill. 1999) (transferring case from Illinois to Washington where plaintiffs had no ties to Illinois other than their counsel and the recent incorporation of their company in Illinois). *See also, e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Texas 1997) (holding that plaintiffs choice of forum was entitled "to little or no deference" because plaintiff did not reside in the forum and the case had "no significant connection to th[e] forum"); *Trout Unlimited* v. *Department of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996) (holding that deference "is mitigated where the plaintiffs choice of forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter") (internal citation omitted).

In this case, with the exception of the plaintiffs' residence, the plaintiffs' choice of forum has absolutely no connection to the lawsuit. None of the operative facts occurred in Massachusetts. None of the actions complained of occurred in Massachusetts. None of the real estate transactions occurred in Massachusetts. *(Id)* None of the plaintiffs were allegedly injured in Massachusetts. The fact that plaintiffs chose to pursue this lawsuit in a forum that has absolutely no connection to their case or to the defendant strongly supports a transfer to an alternative forum. *See Gulf Oil*, 330 U.S. at 508 ("[T]the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy").

**B.     An Alternative Forum Would Be Substantially More Convenient**

## For The Defendant And Would Not Inconvenience The Plaintiffs

A transfer to the Eastern District of New York would be substantially more convenient for the defendant. Spector resides in Queens, New York City, and has access to the offices, witnesses, and documents in New York that will facilitate his defense of this lawsuit. Moreover, it does not appear that the Eastern District of New York will be less convenient for the plaintiffs than the District of Massachusetts.

### C.    The Administration Of Justice Will Be Fostered By Transferring This Case To A Forum That Has Some Interest In Resolving This Dispute

One factor that courts examine in determining whether a case should be transferred is where the relevant events took place. *See, e.g., Gulf Oil*, 330 U.S. at 508. This factor is closely related to the concept of choosing a forum that will foster the administration of justice. Courts have recognized that "[t]here is a local interest in having localized controversies decided at home," *id.,* and "[c]ontroversies should be resolved in the locale where they arise," *Trout Unlimited,* 944 F. Supp. at 19. Part of the rationale for resolving a dispute in a forum where the operative events occurred is that the forum necessarily has some interest in the dispute; it has an interest in regulating and controlling any wrongful conduct that occurred within its borders. On a related note, the Supreme Court has instructed courts that, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil,* 330 U.S. at 508.

In this case, none of the relevant events took place in Massachusetts. The real estate transactions occurred in New York. The alleged stock transfer took place in New York. Because none of the relevant events took place in Massachusetts and none of

13

the witnesses reside in Massachusetts, that State has no interest in the adjudication of this dispute. Accordingly, justice would be better served if this case was transferred to a forum that has some interest in this dispute. The Eastern District of New York has an interest in the dispute because the defendant resides there, and the district has an interest in regulating the conduct of its residents and in ensuring that its residents are treated fairly. Additionally, as the Supreme Court has recognized, the burden of jury duty should not be imposed on the citizens of Massachusetts in this case.

### D.    None Of The Other Relevant Factors Indicate That This Case Should Remain In Massachusetts

The other factors that are relevant to the transfer determination do not alter the conclusion that this case should be transferred. In terms of the convenience of witnesses, Spector currently anticipates that he may call: Gloria Cirino, Todd Brinberg, Octavio Raposo, Wayne Smith, Annmarie Bargagallo, Leslie Sloan, Melvin Schreiber, Gary Shreiber, Charles Resler, Paul Shupak, Sanford Melzer, Georgia Penceal, Robert Fonti, Susan DeLorenzo, John Tandana, Delfix Haughton, Dan Meiri, Maria Sacramone and the Officers of the Light and Salt Alliance Church. None of these potential witnesses reside in Massachusetts. The only other potential witnesses are the plaintiffs and their brother, Robert Frankston, who reside in Massachusetts. Likewise, with the exception of themselves and their brother, all of the potential witnesses that the plaintiffs have disclosed reside in New York.

All of the witnesses will have to travel if this case is adjudicated Massachusetts. In terms of the location of the relevant documents, the documents in that relate to this matter are all located in New York. These documents will have to be transported if the case proceeds in Massachusetts. In conclusion, it would be

14

substantially more convenient for Spector to proceed in the Eastern District of New York. At the same time, it does not appear that it will be less convenient for the plaintiffs to proceed in New York rather than in Massachusetts. It makes little sense to adjudicate this case in a forum that has no connection whatsoever to any of the claims. It is only logical that a forum that has some interest in the outcome of the case will provide a more fair and appropriate forum for the resolution of this dispute. Accordingly, if this Court does not dismiss this case for lack of personal jurisdiction, it should transfer this action to the Eastern District of New York.

## CONCLUSION

For the foregoing reasons, Michael J. Spector respectfully requests that this Court dismiss this action for lack of personal jurisdiction or, alternatively, transfer this action to a more convenient forum pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,
Defendant,
By his attorney,

Joanne E. Romanow, Esquire
SCHLESINGER AND BUCHBINDER, LLP
1200 Walnut Street
Newton, MA 02461-1267
(617) 965-3500
BBO# 426260

Dated: 1/17/04

## CERTIFICATE OF SERVICE

I, JOANNE E. ROMANOW, hereby certify that on November 17, 2004 I served a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss on the plaintiffs, by hand delivering a copy of said document, to John Miller, Esquire, Sally & Fitch, 225 Franklin Street, 30th Floor, Boston, MA 02110-2804.

Joanne E. Romanow, Esquire
Schlesinger and Buchbinder, LLP
1200 Walnut Street
Newton, MA 02461-1267
(617) 965-3500
BBO# 426260